Patrick K. Hanly (Bar # 128521)
455 Capitol Mall Suite 325
Sacramento CA 95814
Telephone: (916-773-2211
Fax: (916) 492-2680

Attorney for Defendant
JIAN HONG LIANG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No. CR S 06-00390-06 WBS |
| Plaintiff, | **UNOPPOSED MOTION FOR EARLY TERMINGATION OF SUPERVISED RELEASE** |
| v. | |
| JIAN HONG LIANG, | |
| Defendant. | **HON. WILLIAM B. SHUBB** |

## I.   INTRODUCTION

Defendant JIAN HONG LIANG hereby moves the Court to terminate his terms of supervised release pursuant to 18 U.S.C. Section 3583(e)(1) in this case. The 5-year term of supervised release began on March 12, 2021. Mr. Liang has completed over half of his supervised release. The Court has already terminated the  supervised release term of Mr. Liang in the related case, 06-00337 WBS. See ECF 340.

1

Mr. Liang is being supervised in the Northern District of California because that is where he lives and works. Prior to filing this Motion, defense counsel contacted Mr. Liang's supervising probation officer and the government prosecutor on his case. The supervising probation officer indicated that Mr. Liang is in full compliance with all areas of supervision. She does not oppose the Motion. When contacted by defense counsel about this Motion, Assistant U.S. Attorney Heiko Coppola indicated he had no opposition. A proposed order is attached for the Court's convenience.

## II. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." No hearing is requested for this unopposed Motion.

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an

2

appropriate candidate for early termination are as follows:

1. stable community reintegration (e.g., residence, family, employment).
2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;
3. no aggravated role in the offense of conviction, particularly large drug, or fraud offenses;
4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
6. no recent evidence of alcohol or drug abuse;
7. no recent psychiatric episodes;
8. no identifiable risk to the safety of any identifiable victim; and
9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity

3

violations." Id., § 380.10(g).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the4 Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." *Id*.

### III. MR. LIANG SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION.

Mr. Liang satisfies all the factors set forth for early termination except number 3, because he did receive a leadership role enhancement. However, neither the government nor probation opposes this Motion. That is because Mr. Liang has completed all his terms of supervision and has no need for programming or treatment. He had minimal special conditions and has fully complied with all of

4

them. Neither his probation officer nor the government opposes this Motion.

Mr. Liang was convicted of Conspiracy and manufacturing more than 1.000 marijuana plants in July of 2013, for which he received 180 months in custody. He served his prison time without incident. His supervision has likewise been without any incident.

Mr. Liang has steady employment, residence, and family life. He is the father of children. Terminating Mr. Liang's supervised release would enable him to better support his family financially. He is currently employed in a restaurant. If he is able to travel freely throughout California, he will be eligible for more and better employment. His experience in the system changed him profoundly and set him on the stable path that he is on today.

The Court is often called upon to impose serious consequences for defendants who violate supervised release. Mr. Liang has completed every condition asked of him  He has fully reintegrated into society and is a valued worker, family member, and citizen. He has achieved stable community reintegration in terms of housing, family, and employment. He is in full compliance with all terms of supervision. He used no violence or weapons in this offense and is not using controlled substances. He has no psychiatric issues. He enjoys the support of his community. He is an ideal candidate for early termination of supervised release.

Given Mr. Liang's commendable reentry into the community and performance on

supervised release, he respectfully requests that the Court order that his term of

supervision be terminated under 18 U.S.C. § 3583(e).

                                      Respectfully submitted,

Dated: June 5, 2024                  /s/ Patrick K. Hanly
                                       Attorney for JIAN HONG LIANG

**O R D E R**

Pursuant to 18 U.S.C. § 3583(e)(1), the Court hereby **TERMINATES** the term of supervised release in this case, 06-00390, and discharges Mr. Liang for the reasons set forth above.

Dated:  June 6, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE